**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | **:** | **CHAPTER 13** |
| **MICHAEL TODD LIDDICK** | **:** | |
| | **:** | **CASE NO. 1:26-bk-01200** |
| **HALEY VICTORIA LIDDICK** | **:** | |
| **fka Haley Victoria Hubler** | **:** | |
| **Debtor(s)** | **:** | |
| | **:** | |
| **ALLY BANK,** | **:** | |
| **Movant** | **:** | |
| **vs.** | **:** | |
| **MICHAEL TODD LIDDICK,** | **:** | |
| **HALEY VICTORIA LIDDICK** | **:** | |
| **fka Haley Victoria Hubler, RUSSELL R** | **:** | |
| **HUBLER JR. (Co-Debtor) and** | **:** | |
| **JACK N. ZAHAROPOULOS, Trustee** | **:** | |
| **Respondents** | | |

**ANSWER TO MOTION FOR RELIEF FROM STAY**

Michael Todd Liddick and Haley Victoria Liddick, Debtors, by and through their undersigned counsel, hereby answer the Motion for Relief from the Automatic Stay and Co-Debtor Stay filed by Ally Bank as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Paragraph 4 contains a statement of law to which no response is required.

5. The Debtors are without sufficient information to admit or deny the precise balance alleged to be due as of August 31, 2026, and therefore leave Movant to its proof.

6. Admitted that the Debtors are presently in arrears on the obligation to Ally Bank. The Debtors intend to cure the arrears through an amended Chapter 13 Plan or pursuant to a stipulation with Ally Bank.

7. The Debtors are without sufficient information to admit or deny the valuation alleged by Ally Bank and therefore leave Movant to its proof.

8. The Debtors are without sufficient information to admit or deny the allegations contained in Paragraph 8.

9. Admitted that the Debtors continue to use and possess the Vehicle. Denied that Ally Bank will suffer irreparable harm if the automatic stay remains in effect while the Debtors cure the arrears.

10. Denied. The Debtors intend to provide adequate protection to Ally Bank by curing the existing arrears through an amended Chapter 13 Plan or pursuant to a stipulation acceptable to Ally Bank.

11. Denied. The Debtors request that the automatic stay and co-debtor stay remain in effect while the parties work toward a consensual resolution providing for the cure of the arrears.

WHEREFORE, the Debtors respectfully request that the Motion for Relief from the Automatic Stay and Co-Debtor Stay be denied and that the Debtors be permitted to cure the existing arrears through an amended Chapter 13 Plan or pursuant to a stipulation with Ally Bank.

Respectfully submitted,

/s/ Kara K. Gendron

Kara K. Gendron, Esquire
Attorney ID #87577
MOTT & GENDRON LAW
125 State Street
Harrisburg, PA 17101
http://www.mottgendronlaw.com
T: (717) 232-6650 | F: (717) 232-0477
kara.gendron@mottgendronlaw.com